JUDGE DANIELS

'09 CIV 7388

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANETTE LEDERER; MARIE LOJACONO; GEORGE FADDOUL; GEORGIA KOLCUM; and ANNA L. REID,<br><br>Plaintiff,<br><br>-vs-<br><br>The NATIONAL COMMITTEE OF GIBRAN a/k/a the COMITE NATIONAL DE GIBRAN; ALFRED A. KNOPF, INC.; RANDOM HOUSE, INC.,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT FOR DAMAGES<br><br>[DEMAND FOR JURY TRIAL]<br><br>RECEIVED AUG 21 2009 U.S.D.C. S.D.N.Y. CASHIERS |

Plaintiffs Jeanette Lederer, Marie Lojacono, George Faddoul, Georgia Kolcum, and Anna L. Reid (collectively "Plaintiffs") for their claims against Defendants the National Committee of Gibran a/k/a the Comite National de Gibran, Alfred A. Knopf, Inc., and Random House, Inc. (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction by means of diversity because: (1) Plaintiffs are individuals who reside in Arizona, California, and Ohio, and Defendants are corporations with principal places of business in New York and Lebanon (2) the matter in controversy exceeds the sum or value of $75,000. [28 U.S.C. § 1332]

2. This Court has personal jurisdiction over the Defendants in that the Defendants reside and/or do business in this judicial county. The events that give rise to Plaintiff's claims arose in New York. Consequently, there are the requisite minimum contacts for jurisdiction in the State of New York.

3. Venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and/or FRCP 4(k) in that the Defendants reside in and/or

does business in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred in the this district.

## THE PARTIES

4. Plaintiff Jeanette Lederer is an individual residing in Tuscon, Arizona.

5. Plaintiff Anna L. Reid is an individual residing in Tuscon, Arizona.

6. Plaintiff Marie Lojacono is an individual residing in Danville, California.

7. Plaintiff George Fouddoul is an individual residing in Ravenna, Ohio.

8. Plaintiff Georgia Louise Kolcum is an individual residing in Painesville, Ohio.

9. All Plaintiffs are heirs of George Shiya.

10. Upon information and belief, Defendant the National Committee of Gibran a/k/a the Comite National de Gibran is an organization with a principal place of business in Beirut, Lebanon.

11. Upon information and belief, Defendant Random House, Inc. is a corporation organized and existing under the laws of the state of New York with a principal place of business at 1745 Broadway, New York, New York, 10019.

12. Upon information and belief, Defendant Alfred A. Knopf, Inc. is a business organized and existing under the laws of the state of New York with a principal place of business in New York, New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Kahlil Gibran, the author of various famous literary works, died in the United States in 1931. Under his will the royalties on the works in question were bequeathed to the town of his birth, Becharre, Lebanon.

14. Defendant The National Committee of Gibran a/k/a the Comite National de Gibran (the "Committee"), whose members are elected by the residents of Becharre, was formed to receive and distribute the royalties.

15. When the original copyrights began to expire in 1946, the author's sister, Mary Gibran, filed renewal applications both personally and as administratrix of the Gibran estate.

16. In 1953, Mary Gibran filed suit against Defendant Alfred A. Knopf, Inc. ("Knopf"), the publisher of Gibran's works, in order to obtain payment of the renewal royalties.

17. Knopf interpleaded the Committee, and the Committee subsequently retained George G. Shiya ("Shiya"), who, after considerable litigation, secured the renewal rights for the Committee.

18. As part of Shiya's compensation for his legal services, the Committee agreed to pay him 25% of its total recovery from Defendant Alfred A. Knopf, Inc. ("Knopf"), the publisher of Gibran's works.

19. At issue was whether Shiya was entitled to 25% of all royalties from the renewal copyrights on Gibran's works or to 25% of those royalties which had accrued at the termination of his services.

20. The lower court held that Shiya's retainer entitled him to 25% of all the renewal royalties, and the Committee appealed from said judgment.

21. The United States Court of Appeals for the Second Circuit affirmed the lower court's judgment, holding that appellee attorney's retainer entitled him to 25% of all the renewal royalties.

22. Mr. Shiya and his estate, including Plaintiffs, have been receiving said royalties since the Court of Appeals' ruling dated July 10, 1967.

23. Upon information and belief, Plaintiffs hereon aver that Defendant Knopf was acquired by Defendant Random House in 1960 and is now part of the Knopf Doubleday Publishing Group at Random House.

24. In or around January of 2009, Plaintiffs received a letter from Random House that informed them that Shiya's heirs would no longer be receiving royalty payments due to copyright renewal terms that were enacted after the Court of Appeals' judgment was rendered. Specifically, it is Defendants' position that Shiya's estate was no longer entitled to any royalty payments once the copyrights for Gibran's works expired and required renewal thereof.

25. Plaintiffs stopped receiving royalty payments soon after receipt of the letter.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27. On or about November 1, 1956, Shiya entered into a written agreement with the Committee for legal services rendered by Shiya in securing certain renewal rights to the Gibran's works. The written agreement provided in pertinent part:

> "It is understood and agreed between us that the payment to **[Shiya] of the sum of 25% Of the monies due and owing from Knopf to the Comite National De Gibran, will be made after the termination of the litigation in the U.S. District Court** and any other court to which the case may be taken on appeal. Such payment is to be made to [Shiya] only in the event that the final judgment in this case is rendered in favor of Comite National De Gibran.
>
> It is also understood and agreed that the above compensation of 25% Of monies due and owing from Knopf to Comite National De Gibran will include payment for services rendered by [Shiya] in this matter, in addition to all expenses and disbursements incurred by [Shiya's] office in connection with the litigation of this matter and that [Shiya] shall make no claim for such expenses and disbursements or compensation for services herein, in the event that final judgment herein is rendered against Comite National De Gibran." (emphasis added)

28. Shiya performed all legal services, and after considerable litigation, was successful in securing the renewal rights to Gibran's works for the Committee.

29. The United States Court of Appeals for the Second Circuit determined that the term "the payment to [Shiya] in the sum of 25% of the monies due and owing from Knopf to the Comite National de Gibran, will be made after the termination of the

4

litigation..." entitled Shiya to 25% of all royalties accumulated at the termination of the litigation as well as 25% of future royalties.

30. Pursuant to the written agreement, Shiya and his heirs, including Plaintiffs, had been receiving royalty payments from Gibran's publishers, Defendants Random House and Knopf, since 1967.

31. On or about January 8, 2009, Random House informed Plaintiffs they would no longer be distributing royalty payments to the Plaintiffs, because they had received instruction from the Committee to withhold their 25% royalty in escrow.

32. Plaintiffs have since stopped receiving royalty payments from Defendants.

33. Defendants' acts constitute a material breach of the written agreement entered into by and between Shiya and the Committee, which required the publishers of Gibran's works, Defendants Random House and Knopf, to pay Shiya and his heirs 25% of all royalties from said works.

34. By way of the foregoing conduct, Plaintiffs have been damaged in a sum not presently ascertainable but which is in excess of the jurisdictional minimum of this court, and which will be proven at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Civil Contempt)

35. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36. On July 10, 1967, the United States Court of Appeals for the Second Circuit affirmed the judgment rendered in the Southern District of New York, which ruled that Shiya was entitled to receive 25% of all renewal royalties derived from Gibran's published works. Attached hereto and incorporated herein as **Exhibit 1** is a true and correct copy of the Court of Appeals ruling dated July 10, 1967 in the matter entitled Shiya v. the National Committee of Gibran, 381 F.2d 602 (2d. Cir. 1967)

37. Defendant publishers Knopf and Random House had been paying 25% royalties to Shiya and his heirs, including Plaintiffs, on a regular basis since the Court of Appeals' ruling.

38. On or about January 8, 2009, Random House informed Plaintiffs they would no longer be distributing royalty payments to the Plaintiffs, because they had received instruction from the Committee to withhold their 25% royalty in escrow.

39. Plaintiffs have since stopped receiving royalty payments from Defendants.

40. Defendants' have violated the terms of the order entered by the court in the Southern District of New York by ceasing payments to Plaintiffs.

41. By way of the foregoing conduct, Plaintiffs have been damaged in a sum not presently ascertainable but which is in excess of the jurisdictional minimum of this court, and which will be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – 28 U.S.C. § 2201(a))

1. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

2. An actual controversy between Plaintiffs and Defendants exist.

3. The actual controversy that exists between Plaintiffs and Defendants is within this Court's jurisdiction such that this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201(a).

4. This Court has subject matter jurisdiction over the matter as it involves the interpretation and enforcement of a Court order rendered in this judicial district.

5. Pursuant to 28 U.S.C. § 2201, Plaintiffs request that this Court enter a declaratory judgment in favor of Plaintiffs setting forth the following:

(a) Shiya's heirs, including Plaintiffs, are entitled to recover 25% of all royalties to Gibran's copyrighted works, including all future royalties from renewal of the said copyrighted works;

(b) The expiration of the copyrighted works in 1979 does not cut-off the rights of Plaintiffs to recover royalties therefrom, as they are entitled to all future royalties pursuant to the 1956 agreement and this Court's Order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1. Declaratory judgment from the court setting forth the following:

    (a) Shiya's heirs, including Plaintiffs, are entitled to recover 25% of all royalties to Gibran's copyrighted works, including all future royalties from renewal of the said copyrighted works;

    (b) The expiration of the copyrighted works in 1979 does not cut-off the rights of Plaintiffs to recover royalties therefrom, as they are entitled to all future royalties pursuant to the 1956 agreement and this Court's Order.

2. All actual, consequential, and incidental financial losses, including but not limited to loss of earnings, according to proof, in a sum which exceeds the jurisdictional minimum of this Court, together with prejudgment interest;

3. General damages against all Defendants in a sum which exceeds the jurisdictional minimum of this Court, the exact amount of which will be proven at trial;

4. Attorneys' fees and costs of suit; and

5. Such other relief as may be just and proper.

Dated:   August 20, 2009
         Los Angeles, California

Respectfully Submitted,

Cindy Chan (CC 1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorney for Plaintiffs***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury as to all claims in this litigation.

Dated: August 20, 2009
Los Angeles, California

Respectfully Submitted,

*[signature]*

Cindy Chan (CC 1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorney for Plaintiffs***